**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendant Jonalyn Montiel Nguyen

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND COURTHOUSE

| | |
|---|---|
| Brian Whitaker<br><br>                Plaintiff,<br><br>v.<br><br>Jonalyn Montiel Nguyen<br><br>                *Defendant*. | Case No. 4:21-cv-04336-HSG<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (A) DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1); AND (B) TO DISMISS STATE CLAIMS PURSUANT TO FRCP 12(b)(1), 12(h)(3), AND 28 USC §1367(a) AND/OR §1367(c)**<br><br>Honorable Haywood S. Gilliam, Jr.<br><br>Date: Thursday, September 2, 2021<br><br>Time: 2:00 p.m.<br><br>**REQUEST TO APPEAR REMOTELY** |

      Defendant Jonalyn Montiel Nguyen ("**Defendant**") herewith submits her reply in support of her motion to dismiss Plaintiff's federal claim pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction; and dismissing Plaintiff's state claim pursuant to FRCP 12(b)(1), 12(h)(3), and 28 USC §1367(a) and/or (c).

# TABLE OF CONTENTS

**I. INTRODUCTION AND SUMMARY** ..................................................................**1**

**II. DISCUSSION** ..............................................................................................**2**

    1.    Because There are No Genuinely Disputed Facts, Defendant's Motion to Dismiss Should be Granted ............................ 2

    2.    Plaintiff's Fear of Future Conditions is Speculative and Irrational .................................................................................................. 3

    3.    Litigation History and Standing – Plaintiff's Intent to Return is Hypothetical and Grossly Improbable ................................. 4

**III. CONCLUSION** ..........................................................................................**7**

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

# I.

# INTRODUCTION AND SUMMARY

Plaintiff's opposition to Defendant's motion to dismiss proves everything that is wrong with this case. Plaintiff's opposition is not based on a bona fide dispute as to the present conditions of the property but sheer speculation as to what the future may hold. That is insufficient to defeat Plaintiff's motion to dismiss.

Plaintiff sued a newly-opened business that had not even completed construction. He demanded a lower counter. When the lower counter was added and solidly affixed with screws and brackets, he protested that was not good enough. He *imagined* a day when that counter might be removed. Rather than be thrilled at the prospect of full access, he demands that Defendant be subjected to tens of thousands of dollars in protracted litigation. He demands that he be allowed to add more claims – curious in light of his having presumably encountered and mentioned everything offending him in his initial and now once amended complaint.

The reason for all of this is that access is irrelevant to this Plaintiff who has filed more than a thousand lawsuits, insufficiently alleged any concrete intention to return, and who, as set forth in a recent declaration filed by him,[1] is *maybe* planning on moving to a location *somewhere* within the Northern District. This is not a case where technical expertise is required to know that the *only* alleged barrier is gone. Plaintiff's speculation about what might happen in the future does not come close to meeting any standard of demonstrating a live controversy. Plaintiff's insistence on perpetuating this case for a year or longer should give this Court considerable pause. Any barrier to access is gone. This case should end. Defendant's motion should be granted.

---

[1] *Whitaker v. Alicem, Inc.*, 4:21-cv-03623-KAW (Doc. 13-1) ("3. I frequently travel to the Bay Area because I love the area. I am also considering moving to Northern California, so I travel all over Northern California to find a nice area to move to. I have visited the Redwood City area at least three times recently, and I plan on returning in the near future to look for possible places to move to.")

Reply iso 12b 1

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# II.
# DISCUSSION

Plaintiff's arguments in opposition to the motion to dismiss follow a few distinct themes, none of which suffice to defeat the motion.

## 1. BECAUSE THERE ARE NO GENUINELY DISPUTED FACTS, DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED

Plaintiff devotes considerable attention on the claim that a motion to dismiss is not appropriate where the issues are intertwined with the merits. Plaintiff is wrong for the simple reason that there are no *genuinely disputed facts*.

"A court may not resolve *genuinely disputed facts* where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (emphasis added) However, courts, even in this District, have consistently held that such issue will not prevent the granting of a motion to dismiss where there are no *genuinely* disputed facts.

"[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)

As this Court observed in *Johnson v. Melehan*, 2017 U.S. Dist. LEXIS 134391, *4-5, 2017 WL 3605227 (N.D. Cal. Aug. 22, 2017), "that does not necessarily mean that motions of this kind can never be granted in the ADA context. Indeed, in *Brooke v. Kalthia Group Hotels*, the district court did just that. No. 15cv1873-GPC (KSC), 2015 U.S. Dist. LEXIS 156163, 2015 WL 7302736 (S.D.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Cal., Nov. 18, 2015). *Here, plaintiff failed to produce any evidence raising a genuine dispute as to defendants' evidence about the current condition of the parking lot*." (emphasis added)

Similarly, in *Brooke v. Inn at Jack London Square Llc*, 2020 U.S. Dist. LEXIS 182464 (N.D. Cal. Aug. 28, 2020), this Court had little problem granting the motion in the absence of genuinely disputed facts.

> [I]n the face of a factual attack, a plaintiff cannot rest on the mere assertion that factual issues may exist, she must come forward with evidence outside her pleadings); *Citizens for Free Speech, LLC v. Cty. of Alameda*, No. C 18-00834 SBA, 2020 WL999644, at *4 (N.D. Cal. Mar. 2, 2020) (opposing party concedes arguments not addressed in an opposition brief). *Although this jurisdictional issue is intertwined with a substantive one* (i.e., what types of accessible rooms Defendant offers), *the Court need not defer resolution of the issue where there are no "genuinely disputed facts."* Safe Air for Everyone v. Meyer v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (holding that, HN8 where jurisdictional and substantive issues are intertwined, the court assumes the truth of the complaint's allegations "unless controverted by undisputed facts in the record"). *In light of the evidence presented by Defendant, which Plaintiff fails to rebut or challenge, the facts at issue here are undisputed.*

*Brooke*, at *8-9 (emphasis added).

As set forth below, Plaintiff offers no fact to give rise to a genuinely disputed fact – only speculation that does not meet the test of competent evidence. As such, the facts supporting mootness should be deemed undisputed and Defendant's motion granted.

### 2. PLAINTIFF'S FEAR OF FUTURE CONDITIONS IS SPECULATIVE AND IRRATIONAL

Plaintiff got the counter of his demands if not his dreams. He argues that someday it might be moved. He does not argue that it is insufficient for its intended use. He offers no evidence that the counter will be dragged away and a non-compliant condition permitted to occur at some time in the future.

Such claims have been squarely rejected by courts in this District where there was no evidence of a history of lapsing conditions.

*Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F.Supp.3d 967 (S.D. Cal.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Sept. 8, 2015) involved a case where defendant had been previously sued for ADA violations, repaired the barriers, then let the repairs lapse. *Lozano* was distinguished on that basis and its conclusion rejected in *Johnson v. BBVA Compass Fin. Corp.*, 2016 U.S. Dist. LEXIS 39635, *4, 2016 WL 1170855 (N.D. Cal. Mar. 25 2016). More recently, in this very district, a court reached the same conclusion where there was "<u>no evidence before the court of a history of lapses in compliance with the ADA</u>."*Johnson v. Melehan*, 2017 U.S. Dist. LEXIS 134391, *5-6, 2017 WL 3605227 (N.D. Cal. Aug. 22, 2017) (emphasis added). Other courts have reached the same conclusion regarding mooted claims with no evidence of lapsed conditions. *Love v. Petaishiski*, 2017 U.S. Dist. LEXIS 38452, *11 (C.D. Cal. Mar. 8, 2017), citing *Eiden v. Home Depot USA, Inc.*, No. CIVS04-977 LKK/CMK, 2006 U.S. Dist. LEXIS 38423, 2006 WL 1490418, at *10 (E.D. Cal. May 26, 2006); *Langer v. Nenow*, 2020 U.S. Dist. LEXIS 22667, *12 (S.D. Cal. Feb. 10, 2020).

Here, there is no evidence that Defendant will let the repairs lapse or otherwise change the conditions to make the property noncompliant. There is no evidence that Defendant has a history of recurring violations or that she is unwilling or unable to maintain the current state of the property. To the contrary, the uncontroverted testimony was that Plaintiff targeted her property prior to the completion of her initial construction of her shop and that when presented with the suit immediately brought the property into compliance. Plaintiff offers <u>no</u> evidence of any condition at the property that does not presently comply with the ADA.

### 3. LITIGATION HISTORY AND STANDING – PLAINTIFF'S INTENT TO RETURN IS HYPOTHETICAL AND GROSSLY IMPROBABLE

Plaintiff's litigation history is relevant because of the requirement of standing, measured by plausibility. Plaintiff must sufficiently allege an intent to return. Plaintiff does not do so. His having sued more than a thousand locations, princi-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Reply iso 12b  4

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

pally in Southern California but now in Northern California, coupled with his recent declaration that he does not live in the area but *might* – a theme predicated on sheer speculation that permeates his opposition. As noted in the introduction, Plaintiff does not live in Northern California.

As set forth in Defendant's moving papers, where an ADA plaintiff seeks to establish standing to sue for injunctive relief by the first method-showing an injury-in-fact plus an intent to return-the plaintiff must demonstrate "a real and immediate threat of repeated injury." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Harris v. Del Taco, Inc.*, 396 F.Supp.2d 1107, 1113 (C.D. Cal. 2005) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "In determining whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing, courts have examined factors such as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiffs past patronage of Defendant's business, (3) the definitiveness of plaintiffs plans to return, and (4) the plaintiffs frequency of travel near defendant." *Feezor v. Sears, Roebuck & Co.*, No. CIV. S-10-0908 KJM, 2012 WL 4510950, at *4 (E.D. Cal. Sept. 30, 2012) aff'd, 608 F. App'x 476 (9th Cir. 2015) (internal quotation marks and citations omitted).

Plaintiff does not even discuss this issue, thereby conceding the absence of any right to injunctive relief.

Even were this Court to read expansively Plaintiff's conclusory allegations in his amended complaint, Plaintiff's own sworn statements – that he cannot now contradict – demonstrate his claim of intent to return to be speculative if not implausible.

In *Whitaker v. Alicem*, 4:21-cv-03623 (ND Cal.), Plaintiff targeted a restaurant located at 855 Middlefield Rd, Redwood City, California. Defendant moved to

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

dismiss the complaint. *Id.*, Doc. 9 (7/14/21). In opposition to the motion, Plaintiff submitted a self-serving declaration speaking to his "intent to return," declaring under penalty of perjury:

> 3. I frequently travel to the Bay Area because I love the area. I am also considering moving to Northern California, so I travel all over Northern California to find a nice area to move to. I have visited the Redwood City area at least three times recently, and I plan on returning in the near future to look for possible places to move to. If the restaurant is accessible to me, I will certainly visit it again.
>
> 4. While I do not drive, I have enough ingenuity to get myself around California. For example, sometimes I fly, take trains, and sometimes I travel with friends. I do not let the fact that I cannot drive keep me confined at my residence. There are many ways that I can travel.
>
> 4. [sic] For the trip I took in May, I flew up to the area. I often travel with my girlfriend. She does the driving.
>
> 5. For some time now, I have been coming to Northern California (Bay Area primarily) approximately twice a month for leisure and to look for areas to live. In fact, I plan to come to the Bay Area next on July 29, 2021.

Whitaker Decl., *Whitaker v. Alicem*, 4:21-cv-03623 (filed 7/28/21).[2]

Plaintiff has filed 313 cases in the Northern District, including *Whitaker v. Alicem* that was filed on the very day this case was commenced. In Defendant's motion to dismiss (Doc. 9), Defendant posited that were Plaintiff to return to one business per day of the more than 1,400 he previously sued, it would take 4 years to complete the visits for jurisdictional purposes. *Whitaker v. Alicem*, Doc. 9 at 8:12-15. Respectfully, defendant's math is off quite a bit. Were Plaintiff to visit alone the defendants he sued just in this District, at a rate of 3 per day "twice a month" – 6 locations per month – it would take 50 months just to cover those locations in the greater San Francisco region, completely ignoring the more than a thousand back in the Los Angeles region.

Plaintiff would argue the foregoing is sheer speculation. Of course, every-

---

[2] A copy of the declaration accompanies this reply brief.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

thing about Plaintiff's claim – from the future visit to future conditions of Defendant's shop – is speculation.

In *Whitaker v. PQ Americana, Inc.*, 2020 U.S. Dist. LEXIS 71958 (C.D. Cal. Mar. 20, 2020), the Court granted a motion to dismiss for Whitaker's lack of standing to sue:

> "Plaintiff alleges — without any supporting facts — that he 'is currently deterred from [returning to the Restaurant] because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." Compl. ¶ 18. Although Plaintiff alleged he is a 'California resident,' id. ¶ 1, he does not allege that the Restaurant is close to his home, or if it is not, facts showing he has an intent to return to the Glendale area and a preference to patronize the Restaurant. This is insufficient to allege deterrence.
>
> The Court's conclusion is buttressed by the fact that Plaintiff has filed hundreds of disability discrimination lawsuits and, consistent with the Court's 'judicial experience and common sense,' could not possibly return to each of the places he has sued. [Citation.] Nor is he likely to, given that he can collect $4,000 (plus attorneys' fees) for each new non-compliant location he visits, but gets nothing if he returns to a location that has been made compliant. The Ninth Circuit has stated that courts 'must be particularly cautious' when considering 'plaintiff's past ADA litigation,' D'Lil, 538 F.3d at 1040, but has not held that such evidence is irrelevant."

2020 U.S. Dist. LEXIS 71958 at *6-8, emphasis added (cited and quoted in the motion to dismiss in *Alicem*.

### III.
### CONCLUSION

Only were there genuinely disputed facts could the argument be made to defeat this motion. However, there are <u>no</u> genuinely disputed facts, meaning none supported by admissible evidence. Instead, Plaintiff asks this court to deny Defendant's motion because he imagines a time when the property might not comply. That is not evidence of any kind let alone evidence sufficient to defeat the motion.

///

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Reply iso 12b

7

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

For the foregoing reasons, Defendant respectfully submits that her motion to dismiss the federal claim should be GRANTED and that this Court DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's state claims.

Dated: August 20, 2021        LAW OFFICES OF STEPHEN ABRAHAM

                              By:    /s/ Stephen E. Abraham
                                     Stephen E. Abraham
                                     Attorneys for Defendant

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On August 20, 2021, I served the foregoing document described as: **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (A) DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1); AND (B) TO DISMISS STATE CLAIMS PURSUANT TO FRCP 12(b)(1), 12(h)(3), AND 28 USC §1367(a) AND/OR §1367(c)** thereon on all interested parties in this action as follows:

CENTER FOR DISABILITY ACCESS   Plaintiff Brian Whitaker
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

[x]   **e-Filing pursuant to Court order**

[]   **VIA E-MAIL** the receipt of which was confirmed by such means as were reasonably calculated to ensure actual receipt by the recipient of the document.

Executed on August 20, 2021, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                          /s/ Stephen E. Abraham
                                            Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Reply iso 12b

**PROOF OF SERVICE**